THE STATE, DEFENDANT IN ERROR, v. JAMES S. NIXON, PLAINTIFF IN ERROR.

Submitted April 11, 1914—Decided June 15, 1914.

On error to the Supreme Court.

The following opinion was filed in the Supreme Court, *per curiam:*

The plaintiff in error, together with three others, was convicted under an indictment charging them with fraudulent conduct as election officers at the primary election held in September, 1911. The indictment contained two counts. The first averred that the defendants did make a false, fraudulent and incorrect return of the canvass of the votes cast at such primary election. The second count charged them with falsely counting ballots cast at that election, and making false returns in court on that counting. Nixon is the only person who prosecutes the writ of error. The case comes up under the one hundred and thirty-sixth section of the Criminal Procedure act.

The first reason upon which a reversal is sought is based upon the refusal of the court to quash the indictment on the motion of the defendant. The ground of the motion was that the indictment charged the defendants with "making a false return," and that this did not apprise them of what was alleged against them.

We think both counts of this indictment are good. The supplement to the General Election law, passed October 28th, 1907 (section 3), provides that the board of registry and election in each election district of every county in this state shall include the results of such primary election * * * in the statement which they are now required by law to transmit to the municipal clerk, and the said municipal clerk shall forthwith transmit the results to the county clerk who shall

canvass said returns, &c. From this provision it is evident that the statement of the result of the election is a return of the count of the votes. The fifth section of the act provides that "the provisions of this act shall be construed in conjunction with the provisions of the act to which this is a supplement (viz.; the General Election law and the several supplements thereto and amendments thereof), except where inconsistent therewith." The one hundred and ninety-first section of the General Election law provides that "if any member of any district board of registry and election shall at any election * * * willfully and designedly make, or sign, any false or untrue statement or certificate of the result of any such election, * * * he shall be deemed and taken to be guilty of a misdemeanor, and on conviction thereof shall be punished by a fine not exceeding $500, or imprisonment at hard labor for a term not exceeding two years, or both." The indictment charges the offence struck at by section 3 of the supplement and section 5 by ingrafting the one hundred and ninety-first section of the General law into the supplement makes the offence criminal.

The next reason urged for setting aside the conviction is based upon the refusal of the trial court to direct a severance of the defendants at the trial. This application was addressed to the discretion of the court, and it is not made apparent to us that by reason of its refusal the plaintiff in error suffered any manifest wrong or injury. The conviction cannot be set aside, therefore, for this reason.

The next ground of reversal is directed at the charge of the court to the jury. The court, while speaking of the obligation of the whole membership of the board of registry and election to count the ballots in both .the Republican and Democratic boxes, said: "The evidence presented clearly discloses that this course was not pursued at the primary." The pith of the objection is that it was for the jury, not the court, to determine what was disclosed by the evidence. But, assuming the soundness of this proposition, the statement was plainly harmless, for immediately after having made it, the court

proceeded to say: "But this violation of the law you have no direct concern with. I mention it to you in order to get the matter clearly in your minds. But the indictment you are trying does not deal with that situation. The indictment does not charge a violation of the law in this particular. I call your attention to this because the defendants cannot be convicted for omissions, or for negligence, under this indictment, but for the specific charges laid in the indictment."

The other grounds for setting aside this conviction were urged upon us by counsel for the plaintiff in error; but as neither of them is raised by any of the reasons for reversal, they are not properly before us for consideration.

The judgment under review will be affirmed.

For the plaintiff in error, *Alexander Simpson*.

For the state, *Robert S. Hudspeth*.

PER CURIAM.

The indictment was upheld in the Supreme Court as charging the offence stated in the one hundred and ninety-first section of the General Election law (2 *Comp. Stat.*, *p.* 2136), notwithstanding that the words "willfully and designedly" are not in the indictment. The omission of these significant words inclines us to think that the offence charged was that stated generally in the thirty-first section of the Corrupt Practices act. *Pamph. L.* 1911, *p.* 343. If this be so, the particular offence charged is the violation of section 62 of the Geran act (*Pamph. L.* 1911, *p.* 321) which, by force of section 70 of that act, is to be read in connection with section 15 of the Primary Election law of 1903. *Pamph. L.*, *p.* 617. There was no error in the result reached in the Supreme Court and in other respects than the one indicated we concur in the *per curiam* filed in that court. This result is not affected by the recent decision in State *v.* Hart.

The judgment of the Supreme Court is affirmed.

*For affirmance*—THE CHANCELLOR, GARRISON, SWAYZE, TRENCHARD, MINTURN, BOGERT, VREDENBURGH, WHITE, HEPPENHEIMER, JJ.   9.

*For reversal*—None.